McKinney, J.,
delivered the opinion of the Court.
The complainant, Mary Beeler, is the daughter of William A. Cameron, who died in Forsyth county, Georgia; of which State he was a resident in February, 1839. Administration, with the will annexed, on the estate of said Cameron, wa granted to the defendant by the Court of Ordinary of sai county of Forsyth, in May, 1840. The testator left a widow and two infant daughters of tender age — the complainan Mary, and a sister who is not a party to this suit. The defendant, near the time of his appointment as administrator, intermarried with the widow. In March, 1846, he removed wit his family to Polk county, in this State, where he has since resided. After his removal here, he was appointed guardian o *89 said two minor children, by the County Court of Polk. The interest of'said minors under the will of the testator, is represented by the defendant to have been about one thousand dollars each. And by a final settlement, made in the Court of Ordinary of Forsyth county, in March, 1846, the share of each was reduced to $554 62-|-; and with this amount defendant was charged, as guardian of complainant, upon his appointment in Polk county.
Complainant intermarried with Beeler in November, 1856. This bill was filed in May, 1858. The complainants charge defendant with various acts of mal-administration; they seek to surcharge and falsify the accounts and settlements of defendant, both as administrator and guardian, and pray that he may account' for the entire estate as administrator; and also as guardian.
No exception seems to have been taken to the jurisdiction of the Court to grant the relief to the full extent prayed for. In his answer, the defendant denies the charges of mal-admin-isfcration; sets up, and relies upon the settlement of his administration accounts in the Court of Ordinary of Georgia, and his discharge as administrator, granted by said Court; he, in like manner, relies upon his settlements as guardian, with the Clerk of the County Court of Polk, — in bar of the relief sought by the bill. He substantially alleges in his answer, that the entire fund belonging to the complainant, Mary — both principal and interest — was properly expended by him as guardian, in her maintenance and education. The Chancellor declined to order an account; and not regarding the settlements as successfully impeached; and being of opinion that the fund in the hand of the guardian had been properly and fully accounted for by the defendant, before the commencement of this suit, dismissed the bill.
So far as the bill seeks to impeach, or to re-open, the defendant’s settlement of his administration accounts, in the Court of Ordinary of Georgia, the bill was properly dismissed. It is now too firmly settled to admit of discussion, in our Courts, that a foreign executor or administrator cannot be called *90 on for an account of bis administration, in the Courts of this State. Lee v. George, 6 Hum., 61; 10 Yer., 283; 2 Hum., 224; 8 Hum., 192.
It is true, the authorities on this subject are at variance; and in some of the cases the contrary doctrine is maintained with much force. But we are not inclined to disturb a principle so long acquiesced in, and so repeatedly sanctioned by this Court.
It is equally well settled, however, that if a foreign executor or administrator come within our jurisdiction, and bring with him funds of property belonging to the trust estate, he may be held to account here, to that extent, not in the character of executor or administrator, but as a trustee for those entitled to the effects in his hands.
Upon this principle, the fund in the hands of the defendant, brought with him into this State, might have been reached. But having voluntarily taken upon himself the office of guardian here, the case is free from all difficulty; and he must account in that character under our law.
As regards the extent of the defendant’s liability to account in this case, the decree is entirely erroneous.
The income of the fund, as well as the principal, was expended by the guardian in the maintenance and education of the infant. And the decree assumes that the guardian acted properly in doing so, of his own authority, without the previous sanction of a Court of Chancery, and, therefore, ought to be protected.
Upon this point, also, the authorities disagree.
There is no doubt of the power of a Court of Chancery to break into the principal, or to authorize a guardian to do so, where the fund is so small that the interest will not afford the means of a competent maintenance and education to the infant. But according to the current of authority, the guardian is not at liberty to break in -upon the principal of the fund, of his own authority. The income is the proper fund for the maintenance and education of the infant, and it is at the peril of the guardian, or trustee, if he exceed this. The fact that the *91 income may be inadequate, does not essentially vary tbe principle. The discretion to break into the corpus of the estate, or fund, is entrusted to the Court, and denied to the trustee. Thus far, the authorities may be said, substantially, to agree. But, according to some of the authorities, this general doctrine is subject to certain qualifications; one of which is, that acts done by a guardian, or trustee, of his own authority which clearly appear to the Court, on inquiry, to have been beneficial to the infant; and such as the Court, on the application of the guardian, would have ordered to be done, will be protected. McPherson on Infants, 337, marg., and cases cited in notes.
On the other hand, it is held, that the unauthorized acts of a guardian, in breaking into the capital of the estate, without the previous sanction of the Court, will not be protected or confirmed by the Court. And this doctrine is maintained, in the case of a. trustee, under a deed of trust, in, Hester v. Wilkinson, 6 Hum., 215-219; also, Phillips v. Davis, 2 Sneed, 520-525.
Without stopping to inquire, whether the case of a special power given to a trustee, in a particular case, under a deed of trust, is, from the very nature of the case, distinguishable from that of a general guardian ; and without expressing any opinion of our own, as to which of the doctrines above noticed is the more reasonable in itself; or most strongly supported by authority. We are of opinion, upon the facts of the case, taking into view the value of the complainant, Mary’s services, her condition in life, and the kind of maintenance and education afforded her; that the encroachment upon the principal of the fund, was improvident, unauthorized, and not to be sanctioned, under the most favorable view of the law for the defendant. Hence, he must account for the principal of the fund. And the decree will be modified accordingly.